**UNITED STATES**

v.

**Airman Basic Clarance SPEARS, Jr.,
FR 426–17–7782, United States
Air Force.**

**ACM 28895.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 Sept. 1990.

Decided 26 April 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Captain Beverly B. Knott.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Captain Thomas E. Wand and Major Mark C. Ramsey, USAFR.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

**OPINION OF THE COURT**

LEONARD, Senior Judge:

This is a case of a trial counsel, in pursuit of an enhanced sentence, reaching too far and straying beyond the range of permissible sentence argument. Appellant pleaded guilty to five offenses of larceny and one offense of unlawfully entering the dormitory rooms of other airmen. A military judge sentenced him to a bad conduct

discharge, confinement for 15 months, and forfeiture of $482.00 pay per month for 15 months. The convening authority approved that sentence.

■ The only error raised on appeal is the impermissible sentence argument by trial counsel. Defense counsel objected to the argument at trial and preserved the issue for our review. We find trial counsel's argument improper and grant relief.

One of appellant's larceny offenses was the theft of items of military property from the United States Air Force. The items stolen included a meal card taken from the squadron orderly room where appellant worked. The only evidence about the discovery of this theft was a sentence in the stipulation of fact agreed to by the parties at trial:

> The meal card was discovered missing from the 68th Headquarters Squadron orderly room on 20 April 1990 during a SAC Inspector General evaluation.

The offensive portion of trial counsel's argument dealt with an inference concerning the discovery of this theft. Trial counsel invoked the spectre of the "IG Inspection" by arguing the following:

> Well, if you've seen the stipulation of fact, the meal card was taken and it was discovered during a SAC IG Inspection. The effect of that, when somebody says, the "IG" in the Air Force, it sends shivers down everyone's spine. People kind of get very rattled when they know the IG is coming, not to belittle their function, obviously. I mean, the IG has a function well needed, but to have something like that discovered in an IG Inspection certainly brings a burden to bear not on Airman Spears alone but on the commanding officer of that squadron, on the first sergeant and all the members of that squadron. It's a value you cannot value in a way, by way of dollars and cents.... suffice it to say, your Honor, there was an impact, and that is a wide spread [sic] impact, not just localized to one individual.

Trial defense counsel objected to this argument because "There's no evidence whatsoever of the impact the counsel is now arguing." The military judge overruled the objection stating: "He can argue the evidence and reasonable inferences from that evidence."

The military judge was correct in his assessment that counsel may argue evidence before the court and "reasonable inferences from that evidence." *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956); R.C.M. 919(b). However, in this case, trial counsel reached beyond reasonable inferences from the evidence he had placed before the court.

The inference trial counsel sought to impress upon the military judge was that appellant's theft had considerable negative impact upon his entire squadron because discovery of the missing meal card occurred during an IG evaluation. Trial counsel was trying to persuade the military judge that IG involvement aggravated appellant's offense and appellant should receive additional punishment for the widespread impact he inflicted on his unit, commander, and first sergeant.

■ Victim impact of an accused's crimes, including the impact upon the offender's unit, is valid aggravation evidence for the prosecution. R.C.M. 1001(b)(4) Discussion. For trial counsel to offer such aggravation evidence, he must show the impact "directly and immediately" resulted from the accused's offense. *United States v. Gordon*, 31 M.J. 30, 36 (C.M.A.1990); *see also* R.C.M. 1001(b)(4) Discussion.

Trial counsel did not offer or introduce any actual evidence of such victim impact. Further, there was no evidence before the court that the IG evaluation of appellant's unit resulted in any negative comments, whether due to appellant's misconduct or any other reason. The mere fact that discovery of the missing meal card happened during an IG evaluation does not mean the unit commander, or first sergeant were called to task by the IG because of appellant's theft. Further, even if the unit had received a negative comment because of the missing card, any discrepancy could well have been due to administrative laxities in unit accounting for meal cards rath-

er than appellant's theft. The evidence simply was not adequate to allow an inference either way. Once trial counsel elects not to introduce the evidence of actual impact on the unit, he cannot fill the gaps in his evidence by making argument that extends beyond any reasonable inferences that may be drawn from the evidence he chose to put before the court. The military judge erred in allowing trial counsel to make such argument in this case.

Having determined the military judge erred in permitting improper sentencing argument, we must determine the prejudice to appellant. Under the facts of this case we find prejudice because of the military judge's ruling on trial defense counsel's objection. From that ruling it is obvious the military judge considered the inference argued by trial counsel to be valid sentencing aggravation; therefore, we can only infer that he considered the argued inference as aggravation in determining an appropriate sentence for appellant.

Only considering evidence properly before the military judge when he determined a sentence, we are confident we can reassess the sentence and accurately determine the sentence that would have been adjudged absent the error. *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A.1990). Making that determination, we approve a sentence of a bad conduct discharge, confinement for 12 months, and forfeiture of $482.00 pay per month for 12 months. Considering the entire record, we further find this reassessed sentence is appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and reassessed sentence are correct in law and fact. Accordingly, the findings of guilty and the reassessed sentence are

AFFIRMED.

Judges RIVES and JAMES concur.